# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**VINCENT LOWE,**

    **Plaintiff,**

    v.

**DONALD ASH, ET AL.,**

    **Defendants.**

Case No. 16-3233-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff is a prisoner at the Norton Correctional Facility in Norton, Kansas. He brings this action under 42 U.S.C. § 1983, alleging excessive force by Defendants when he was removed from his jail cell at the Wyandotte County Detention Center on October 25, 2014. Before the Court is Defendants' Motion to Dismiss (Doc. 20). Plaintiff has not responded to the motion, nor to an Order to Show Cause why the motion should not be granted for failure to respond (Doc. 24). The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

The Court also finds that the Complaint must be dismissed on the merits, because the claims are time-barred. The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the personal injury statutes for the state in which the federal district court sits.[3] While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run.[4] State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances.[5] A claim brought under § 1983 is characterized as a personal injury tort for statute of limitations purposes.[6] In Kansas, the statute of limitations for personal injury actions is two years.[7] Therefore, to be timely, his claim must have accrued within the two years prior to the date he filed his Complaint on November 17, 2016.

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[8] It is not necessary that the plaintiff know of all the evidence that he ultimately relies on for the statute of limitations to accrue.[9] Assuming as true the facts alleged in the Complaint, Plaintiff's claim accrued when the excessive force incident

---

[2]*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 251 (1985)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016).

[4]*Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769.

[5]*Mondragon*, 519 F.3d at 1078 (citation omitted).

[6]*Wallace*, 549 U.S. at 387; *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984).

[7]K.S.A. § 60-513(a)(4).

[8]*Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

[9]*Id.*

occurred on October 25, 2014, more than two years before he filed his Complaint.  Therefore, his civil rights claims are barred by the statute of limitations.

The Court further dismisses Defendants Sheriff Donald Ash and Lieutenant Brian Tucker for failure to state a plausible claim of supervisory liability under § 1983.  To be liable under § 1983 under a supervisory liability theory, Plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed personal responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation."[10]  Plaintiff has not alleged facts sufficient to meet these elements.  Thus, he has failed to state a claim as to Defendants Ash and Tucker.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 20) is **granted**.

**IT IS SO ORDERED.**

Dated: November 17, 2017

                                             s/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[10] *Wilson v. Montano*, 715 F.3d 847, 856 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).